NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

FRENCH INTERNATIONAL CORPORA-
TION, d/b/a Hotel Sofitel San Francisco
Bay at Redwood Shores, Respondent.

No. 92–70113.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1993.

Decided July 26, 1993.

John H. Fawley, N.L.R.B., Washington,
DC, for petitioner.

David I. Rosen, Clifton, Budd & DeMaria,
New York City, for respondent.

Before: GOODWIN, NORRIS, and
RYMER, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge.

The National Labor Relations Board seeks
enforcement of its order directing French
International Corporation to bargain with
Local Union 340, AFL–CIO, a bargaining
unit limited to employees in the housekeep-
ing department of French International's Ho-
tel Sofitel San Francisco Bay at Redwood
Shores. The hotel refuses to bargain with
the union because the hotel challenges the
validity of the Board's bargaining unit deter-
mination. We enforce the Board's order.

■ Congress has entrusted unit determi-
nations to the special expertise of the NLRB.
Determining bargaining units "involves of ne-
cessity a large measure of informed discre-
tion, and the decision of the Board, if not
final, is rarely to be disturbed." *Packard
Motor Car Co. v. NLRB*, 330 U.S. 485, 491,
67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). The
Board need not "choose the most appropriate
bargaining unit; it is sufficient if the unit
chosen is within the range of units appropri-
ate under the circumstances." *Beck Corp. v.
NLRB*, 590 F.2d 290, 292 (9th Cir.1978) (cita-
tions omitted). Our review is limited to the
determination of whether the NLRB has
abused its discretion. *NLRB v. Great West-
ern Produce, Inc.*, 839 F.2d 555, 557 (9th
Cir.1988).

■ Respondent argues that the NLRB abused its discretion in recognizing a bargaining unit composed exclusively of employees in the hotel's housekeeping department. Respondent maintains that the only appropriate bargaining unit would include all unskilled manual labor at Hotel Sofitel, except for the five maintenance engineers already represented by a separate union.

■ We reject this argument. The NLRB no longer applies either a rule requiring or a presumption favoring hotel-wide bargaining units. In 1960, the NLRB employed a per se rule for the hotel industry, requiring that "all operating personnel ... should be grouped together for collective-bargaining purposes." *Arlington Hotel Co., Inc.,* 126 N.L.R.B. 400 (1960). This rule was significantly relaxed, however, as the Board learned more about the hotel industry. By 1971, the Board recognized two substantial exceptions to the rule: (1) "[w]here well-defined area bargaining practices recognized as appropriate something less than a hotel-wide unit," and (2) "[w]here the enterprise was not highly integrated, [so that] the 'true community of interest' among particular employees was less than hotel-wide." *Westward–Ho Hotel Co. v. NLRB,* 437 F.2d 1110, 1114 (9th Cir.1971).

By the late 1970's, any presumption in favor of overall bargaining units had been swept away:

> [T]he Board applies to the hotel industry the general criteria used for determining units in other industries. Among the factors the Board considers are: whether the employees constitute a distinct, identifiable group, the differences in the skills and functions of particular employee groups, their separate supervision, the frequency of contact with other employees, the extent of employee integration, and differences in wages and hours.

*Beck Corp. v. NLRB,* 590 F.2d at 293 (citation omitted). This case-by-case approach, employing the traditional community-of-interest criteria, is the one we apply today. *See Western Lodging Corp., d/b/a Stanford Park Hotel,* 287 N.L.R.B. 1291, 1291 (1988).

In the case of the Hotel Sofitel, the NLRB did not abuse its discretion in approving a bargaining unit composed entirely of employees in the hotel's housekeeping department. The housekeeping department is a distinct, identifiable group of 43 workers, out of more than 200 at the hotel. The group is composed primarily of room attendants, but also includes a few housemen and inspectors. Together, the group's function is to clean the hotel, inspect the rooms, and operate the laundry. Hourly wages are roughly similar to those of other employees, except that wages are lower than for other employees who likewise receive no tips.

Supervision of housekeeping employees is largely, but not entirely, separate from that of other departments within the hotel. The head of the housekeeping department hires her own workers, supervises their daily work, sets their hours, and has authority to fire them, although termination decisions must be reviewed by the hotel's general manager. Housekeeping employees are occasionally "loaned" to other departments during crunch periods, for example, during large banquets, and the heads of other departments will occasionally give direction to housekeeping employees, especially on weekends when the executive housekeeper is not on duty. Permanent transfers into or out of the housekeeping department from elsewhere in the hotel are limited to a handful each year.

In several recent cases the NLRB has upheld similar bargaining units, composed of employees from a single department within a hotel. Most on point is a 1988 case in which the NLRB approved a unit composed entirely of the 28 housekeepers and housemen and the three maintenance employees in a hotel's housekeeping department. *See Stanford Park Hotel,* 287 N.L.R.B. at 1291.[1] That the housekeeping department in *Stanford Park Hotel* included three maintenance workers, where this bargaining unit has none, is a

---

1. *See also Dinah's Hotel Corp. d/b/a Dinah's Hotel & Apartments,* 295 N.L.R.B. 1100 (1989) (front desk staff members alone constitute appropriate bargaining unit, even though their working conditions and benefits are similar to those of other staff); *Omni–Dunfey Hotels, Inc. d/b/a Omni International Hotel of Detroit,* 283 N.L.R.B. 475 (1987) (engineering department employees alone constitute appropriate bargaining unit because of separate hiring, supervision, and skills).

distinction of no consequence. Here, the maintenance workers share a department—and union representation—with the engineers instead of the housekeepers. In *Stanford Park Hotel*, the Board found a distinct community of interest within the bargaining unit, notwithstanding monthly instances of housekeeping employees performing a bellman's duties, weekly instances of front desk employees acting as housekeepers, and a couple of permanent transfers from the housekeeping department to other parts of the hotel. In this case, the number of permanent transfers is somewhat higher—seven over a period of two years—but instances of temporary overlap between the duties of housekeeping employees and others are no more frequent. Finally, as in *Stanford Park Hotel*, "the fact that all hotel employees receive the same fringe benefits and are subject to the same personnel policies does not compel" a decision against the union. 287 N.L.R.B. at 1292.

Respondent cites several decisions in which the NLRB refused to recognize bargaining units limited to a single department within a hotel.[2] The facts in these cases bear a partial resemblance to those here, but each has been distinguished in *Stanford Park Hotel* in terms that apply equally well to this case. *See* 287 NLRB at 1292 n. 1. Moreover, while this body of case law might have helped to persuade the NLRB to rule for the hotel, it is less persuasive in this court because the NLRB's bargaining unit determinations are entitled to such great deference. *See Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). In light of the strong similarities between this case and *Stanford Park Hotel*, we have no reason to disturb the bargaining unit determination of the NLRB.

ENFORCED.

---

**2.** *See, e.g., Ramada Inns, Inc. d/b/a Ramada Beverly Hills*, 278 N.L.R.B. 691 (1986) (hotel services employees may not bargain independent of food and beverage department workers); *The Westin Hotel*, 277 N.L.R.B. 1506 (1986) (maintenance workers alone are not an appropriate bargaining unit).