78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
International Union of Operating Engineers, Local 501,
AFL-CIO, Intervenor,
v.
HOLIDAY INNS, INC., dba Holiday Inn Crown Plaza Redondo, Respondent.
 No. 94-70204.
 United States Court of Appeals, Ninth Circuit.
 Feb. 23, 1996.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are compelled by our deferential standard of review to grant the NLRB's petition for enforcement. Review of an NLRB decision determining a bargaining unit is limited to abuse of discretion. NLRB v. French Int'l Corp., 999 F.2d 1409, 1409 (9th Cir.1993). Findings of fact are upheld if supported by substantial evidence. Retlaw Broadcasting Co. v. NLRB, 53 F.3d 1002, 1005 (9th Cir.1995). Substantial evidence requires a case-by-case analysis reviewing the whole record. NLRB v. General Truck Drivers, Local No. 315, 20 F.3d 1017, 1021 (9th Cir.1994). "A reviewing court may not displace the NLRB's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Retlaw Broadcasting, 53 F.3d at 1005 (internal quotation omitted). "The Board need not choose the most appropriate bargaining unit; it is sufficient if the unit chosen is within the range of units appropriate under the circumstances." French Int'l Corp., 999 F.2d at 1409 (internal quotation omitted).
 
 
 3
 I. Maintenance workers as an appropriate unit.
 
 
 4
 Holiday Inns argues that the Board erred in determining that the maintenance department formed an appropriate collective bargaining unit. The Board has authority to decide what is an appropriate unit for collective bargaining under 29 U.S.C. § 159(b).
 
 
 5
 To determine whether a group of employees in the hotel constitutes an appropriate unit under the Act, the Board applies a case-by-case approach, analyzing traditional "community of interest" factors. French Int'l Corp., 999 F.2d at 1410. These factors include: "whether the employees constitute a distinct, identifiable group, the differences in the skills and functions of particular employee groups, their separate supervision, the frequency of contact with other employees, the extent of employee integration, and differences in wages and hours." Id.
 
 
 6
 While we might disagree with his determination in some respects, we cannot conclude that the regional director failed to take account of the relevant factors, or that his determinations were not supported by substantial evidence on the record as a whole. The regional director found that working in the maintenance department requires different levels of technical knowledge and skills acquired through experience or training, ranging from a minimum knowledge of plumbing, carpentry and electrical work to a good knowledge of air conditioning systems, refrigeration systems, electrical systems and how to repair equipment. The workers also use various tools to repair machinery: water heaters, fire pumps, generators, etc.
 
 
 7
 Holiday Inns points to evidence going the other way. The record shows testimony from the chief engineer indicating that the maintenance workers do not have or need special knowledge or abilities. He asserted that he is the only worker to perform anything other than the simplest repairs, and that he does not ask prospective workers about their technical qualifications when hiring.
 
 
 8
 Despite the evidence going the other way, there was substantial evidence on the record as a whole that: (1) unlike every other department in the hotel, the maintenance department uses a work order system; (2) the maintenance workers have a separate work area, with a locked storage area for the tools and materials used for their job, which other workers need permission to borrow; (3) the maintenance department has a private monthly meeting and a separate budget; (4) maintenance workers share a cafeteria, time clocks, personnel rules and policies, and benefits with the other workers, but, not including tips, the maintenance workers also receive substantially higher hourly rates. In addition, unlike in other departments, the department supervisor, the chief engineer, hires employees for that department in conjunction with the human resources department. Only the chief engineer and the general manager have supervisory authority over the maintenance department.
 
 
 9
 The regional director also found that hotels in the Los Angeles area show a pattern of collective bargaining for separate units of maintenance "engineers." The union had submitted four collective bargaining agreements between Los Angeles hotels and the union, for units of maintenance employees. The union's business representative also testified that the union had 14 such agreements with local hotels and only represented units of maintenance workers.
 
 
 10
 The regional director found "that there is a clear difference in function between the maintenance department employees and the employees employed in the various other departments." The maintenance department requires special skills and training and has a separate functional identity. Any overlap between the duties of maintenance and other workers is "of a minor and infrequent nature, and reflect[s] a spirit of cooperation rather than an actual overlap of job functions." Therefore, "a unit limited to employees employed in the maintenance department constitutes an appropriate unit for the purposes of collective bargaining." The regional director specifically found that "the record contains no compelling facts which would require a finding that the smallest appropriate unit must include all employees of the hotel."
 
 
 11
 Holiday Inns's strongest authority is The Westin Hotel, 277 NLRB 1506 (1986). The Sixth Circuit had denied enforcement and remanded, because the Regional Director's decision was not supported by substantial evidence on a significant issue. The Regional Director had decided, in the absence of substantial evidence, that there was no regional pattern of a single unit representing all employees in the hotel, as opposed to a separate unit of maintenance employees. On remand, the NLRB decided that the prevailing pattern in the area was of hotel-wide units.
 
 
 12
 Westin Hotel cannot carry the day for Holiday Inns, because the geographic area was different, and there was evidence in the record in the case at bar that separate maintenance worker units existed in a number of Los Angeles area hotels. In Western Lodging Corp., d/b/a Stanford Park Hotel, 287 NLRB 1291 (1988), the Board came out the opposite way from The Westin Hotel, and found that housekeeping and maintenance workers formed an appropriate unit. The Board was not in conflict with an indistinguishable precedent in the case at bar. See also Omni-Dunfey Hotels, Inc. d/b/a Omni International Hotel of Detroit, 283 NLRB 475 (1987); French Int'l Corp., 999 F.2d 1409.
 
 
 13
 II. Guards.
 
 
 14
 Holiday Inns also argues that the Board's bargaining unit determination erred because the maintenance department includes employees who serve as "guards." Under 29 U.S.C. § 159(b), "the Board shall not ... (3) decide that any unit is appropriate for such purposes if it includes, together with other employees, any individual employed as a guard to enforce against employees and other persons rules to protect property of the employer or to protect the safety of persons on the employer's premises ..."
 
 
 15
 There was substantial evidence in the record to support the regional director's findings. The fundamental reason why the regional director could properly find, on this record, that the maintenance workers were not guards, is that Holiday Inns has a separate group of employees who are called guards, wear a uniform, and have jobs defined entirely as security duties. The security guards work in a physically separate area which is adjacent to the maintenance employee's area and wear a uniform which is different from the maintenance employees' uniform.
 
 
 16
 Holiday Inns points to evidence from which the NLRB might reasonably have concluded that the maintenance workers were guards. But there was enough evidence that maintenance workers are not guards, and that only the employees so designated are, that we cannot conclude that the NLRB acted outside the boundaries of its discretion in this case by categorizing the maintenance workers as non-guard employees.
 
 
 17
 The petition for enforcement of the NLRB order is GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3